UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES BOLAND, et al.,

    Plaintiffs,

        v.                                        Civil Action No.  11-65 (JEB)

ALAN W. SMITH, INC.,

    Defendant.

**MEMORANDUM OPINION**

On Jan. 11, 2011, Plaintiffs filed this action under the Employee Retirement Income Security Act, seeking to enforce the terms of their employee-benefit plan.  On Dec. 8, 2011, Plaintiffs filed a Motion for Summary Judgment, which Defendant never opposed.  The Court then ordered Defendant to show cause by Mar. 6, 2012, why the Motion should not be granted as conceded.  As Defendant has still not responded, the Court will grant the Motion as conceded pursuant to Local Civil Rule 7(b).

Plaintiffs here are the trustees of the Bricklayers & Trowel Trades International Pension Fund (IPF), a multiemployer employee benefit plan administered in the District of Columbia and subject to ERISA.  Pl. Statement of Undisputed Material Facts (SUMF), ¶ 11-3.  For many years, Defendant Alan W. Smith, Inc., a building and construction company, was a signatory to collective bargaining agreements with the Union.  Id., ¶ 11.  Under these agreements, Defendant was required to pay contributions to the IPF.  Id., ¶ 13.  The agreements ultimately expired in mid-2009.  Id., ¶¶ 20-22.

For employers in the building and construction industry, like Defendant, ERISA provides that "withdrawal" from an employee benefits fund occurs when: "an employer ceases to have an

1

obligation to contribute under the plan, and . . . the employer – (i) continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, or (ii) resumes such work within 5 years after the date on which the obligation to contribute ceases under the plan, and does not renew the obligation at the time of the resumption." § 1383(b)(2). An employer who withdraws from a multiemployer plan becomes liable for "withdrawal liability" in an amount specified by ERISA, § 1381(b), and the plan's withdrawal liability procedures. When an employer so withdraws, the plan sponsors shall determine and notify the employer of the amount of withdrawal liability due, set a schedule for liability payments, and demand payment in accordance with the schedule. See §§ 1382 and 1399(b)(1).

On Aug. 4, 2010, the IPF notified Defendant of its withdrawal liability in the amount of $208,531 and demanded payment. SUMF, ¶ 26. Pursuant to that notice, Defendant was required to pay the IPF $2,734.56 per month for 98 months. Id., ¶ 27. Defendant has failed to make any payment. Id., ¶ 28. On Oct. 19, 2010, Plaintiffs notified Defendant that if it did not begin making its interim payments within 60 days, it would be deemed in default pursuant to 29 U.S.C. § 1399(c)(5). Id., ¶ 29. As Defendant made no payments, Plaintiffs contend it is in default and seek the entire amount owed.

The Court finds that Plaintiffs' factual pleadings are sufficient, particularly given Defendant's concession in this matter, to establish Plaintiffs' claim for withdrawal liability. The Court next must make a determination of the sum to be awarded in the judgment unless the amount of damages is certain. Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to §§ 1451(b), 1145, and 1132(g)(2), as well as the IPF's Withdrawal Liability Procedures and General Collection Procedures, see SUMF, ¶ 36, the Court is required to award Plaintiffs: (1) the


amount of the withdrawal liability; (2) interest on the withdrawal liability; (3) liquidated damages at a rate of 20 percent of the unpaid withdrawal liability; (4) reasonable attorney fees and costs of the action; and (5) such other legal or equitable relief as the Court deems appropriate.  As in cases for default judgment, the Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum.  <u>Flynn v. Mastro Masonry Contractors</u>, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiffs have filed the declarations of David F. Stupar, Executive Director of the IPF, Mark Peterson, President of Bricklayers and Allied Craftworkers Local No. 1, and Peter Hardcastle, Consulting Actuary with Cheiron, Inc., in support of their Motion.  Based on these declarations, the Court finds that Plaintiffs have established damages in the amounts of: $208,531 for the full amount of unpaid withdrawal liability due and owing upon a default under § 1399(c)(5); $30,251.22 in interest, calculated at the rate of 15 percent per annum, from one day after the date of default through Dec.8, 2011, pursuant to §§ 1451(b) and 1132(g)(2)(B); $41,706.20 in liquidated damages calculated at the rate of 20 percent of the withdrawal liability, pursuant to §§ 1451(b) and 1132(g)(2)(D); and $350 for the costs of filing the action, pursuant to § 1132(G)(2)(D).  SUMF, ¶ 38.  Plaintiffs may also submit a request for attorney fees and costs.  <u>Id.</u>, ¶ 39.

In light of the foregoing, the Court finds entry of judgment in favor of Plaintiffs appropriate and will issue a contemporaneous Order awarding them $280,838.42.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: <u>Mar. 15, 2012</u>